IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LESTER MARK PILAND (AIS #145657) | * | |
| | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-46-F |
| | * | |
| GWENDOLYN MOSLEY, PRISON HEALTH SERVICES, INC., JEAN DARBOUZE, KAY WILSON, et al., | * | |
| | * | |
| Defendants. | * | |

**SPECIAL REPORT OF DEFENDANTS PRISON HEALTH SERVICES, INC., JEAN DARBOUZE, M.D. AND KAY WILSON, R.N., H.S.A.**

COME NOW Defendants Prison Health Services, Inc., (hereinafter referred to as "PHS"), Jean Darbouze, M.D. and Kay Wilson, R.N., H.S.A. in response to this Honorable Court's Order of January 23, 2006, and present the following Special Report with regard to this matter.

## I. INTRODUCTION

The Plaintiff, Lester Piland (AIS# 145657) is an inmate confined at Easterling Correctional Facility located in Clio, Alabama. On January 18, 2006, Piland filed a Complaint against PHS, the company that currently contracts with the Alabama Department of Corrections to provide healthcare to inmates at Easterling; Jean Darbouze, M.D., the Medical Director for Easterling; and Kay Wilson, R.N., H.S.A., Easterling's Health Services Administrator, alleging that these Defendants have violated his constitutional rights by denying him appropriate treatment for myotonic dystrophy. (See

Complaint). The Plaintiff demands one hundred thousand dollars ($100,000.00) per Defendant in monetary damages. (See Complaint).

As directed, the Defendants have undertaken a review of Plaintiff Piland's claims to determine the facts and circumstances relevant thereto. At this time, the Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Piland's medical records (attached hereto as Exhibit "A"), the Affidavit of Jean Darbouze, M.D. (attached hereto as Exhibit "B") and the Affidavit of Kay Wilson, R.N., H.S.A. (attached hereto as Exhibit "C"). These evidentiary materials demonstrate that Plaintiff Piland has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Lester Piland (AIS# 145657) has been incarcerated as an inmate at Easterling Correctional Facility. (See Exhibits "A","B" & "C"). Piland has been seen and evaluated by Easterling's medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling. (Id.)

Mr. Piland has made a complaint in this case that the Defendants have failed to provide him with appropriate treatment for myotonic dystrophy. (See Complaint). Mr. Piland has a history that is significant for myotonic dystrophy, the most common form of muscular dystrophy. (See Exhibit "A"). Myotonic dystrophy is a genetic disease that affects the interaction between the body's nervous and muscular systems. (Id.) Unlike any of the other muscular dystrophies, myotonic dystrophy is characterized by muscle weakness associated with accompanying myotonia (delayed relaxation of the muscles

after contraction) and by a variety of abnormalities associated with muscle wasting. (Id.)

Mr. Piland was diagnosed with myotonic dystrophy in 1995. (Id.) There is no cure for this disease; therefore, it is treated by controlling its symptoms. (Id.) Mr. Piland's disease expresses itself symptomatically in the form of pain and muscle cramping. (Id.) Specifically, Mr. Piland's disease has caused atrophy and weakness in his upper extremities and facial muscles. (Id.) In order to treat Mr. Piland's incremental pain, Dr. Darbouze has prescribed Flexeril, Motrin, Tylenol and Elavil as warranted by his changing condition for muscle spasms and chronic pain. (Id.)

In order to make Mr. Piland's time in prison more comfortable, Dr. Darbouze has afforded him numerous specialty profiles including a "no prolonged standing," "lay in," "bottom bunk" and "release from work profile." (Id.) On June 30, 2005, and again on February 10, 2006, Dr. Darbouze requested that Mr. Piland be transferred from Easterling to Hamilton Correctional Facility, a facility better equipped to treat inmates suffering from severe chronic diseases. (Id.)

Mr. Piland has also made allegations in this matter that H.S.A. Wilson has failed to provide him with appropriate treatment for this disease. (See Complaint). However, as a Health Services Administrator, H.S.A. Wilson is not responsible for designing a plan of treatment for this inmate. (See Exhibit "C"). H.S.A. Wilson has testified that she defers to Dr. Darbouze with regard to the medical treatment afforded to this inmate. (Id.)

It is clear from the evidence and testimony now before the Court that Mr. Piland's medical conditions and complaints have been evaluated in a timely fashion at Easterling Correctional Facility and his diagnosed conditions have been treated in a timely and appropriate fashion. (Id.) At all times, he has received appropriate medical treatment for

his health conditions at Easterling. (Id.) At no time has he been denied any needed medical treatment. (Id.)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.) At no time have the Defendants, or any of the medical or nursing staff at Easterling Correctional Facility, denied Mr. Piland any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Piland. (Id.) At all times, Mr. Piland's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

4. The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the

Defendants have violated any clearly established constitutional right.

8. The Defendants cannot be held liable on the basis of respondent superior, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13. The Defendants plead the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20. The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24. The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has

failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30. The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31. The Plaintiff's claims are moot because the events which underlie the

controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Piland's medical records reveals that Piland has been given appropriate medical treatment at all times. (See Exhibits "A", "B" & "C"). All of the allegations contained within Piland's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Piland's claims against the Defendants are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Piland must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Piland must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to

his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Piland's medical condition, Hill, 40 F.3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Piland cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Piland's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was not denied any necessary medical treatment. (See Exhibits "A", "B" & "C").

Appropriate standards of care were followed at all times. The evidence, in other words, shows without dispute that all of Plaintiff Piland's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. (Id.) These facts clearly disprove any claim that the Defendants acted intentionally or recklessly to deny treatment or care.

The Defendants are, further, entitled to qualified immunity from all claims asserted by Piland in this action. There is no argument that the Defendants were not acting within the scope of their discretionary authorities. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendants have demonstrated that they were acting within the scope of their discretionary authorities, the burden shifts to Piland to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Piland must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting,

Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2005 gave the Defendants fair warning that his alleged treatment of Piland was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Piland must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that his practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the Defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Piland's constitutional rights. All of Piland's medical needs have been addressed or treated. The Defendants have provided Piland with appropriate medical care at all times. (See Exhibits "A", "B" & "C").

Finally, pursuant to the Court's January 23, 2006 Order, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of

material facts relating to a constitutional violation, and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

L. Peyton Chapman, III
Alabama State Bar Number CHA060
R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendants PHS,
Jean Darbouze, M.D. and
Kay Wilson, R.N., H.S.A.

RUSHTON, STAKELY,
JOHNSTON & GARRETT,
P.A.

Post Office Box 270
Montgomery, Alabama 36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 6th day of March, 2006, to:

Lester Piland (AIS #145657)
Easterling Correctional Facility
Post Office Box 10
Clio, Alabama  36017

                                      s/R. Brett Garrett GAR085
                                      Attorney for Defendants PHS, Jean
                                      Darbouze, M.D. and Kay Wilson,
                                      R.N., H.S.A.