IN THE UNITED STATE DISTRICT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LESTER MARK PILAND<br>AIS # 145657 | )<br>)<br>) | |
| Plaintiff | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 2:06-CV- 46-MEF<br>(WO) |
| WARDEN GWENDOLYN MOSLEY,<br>et al., | )<br>)<br>) | |
| Defendants | ) | |

## SPECIAL REPORT

Come now the Defendants Warden Gwendolyn Mosley and Kathy Holt (hereinafter referred to as "Mosley," "Holt" or collectively as "Defendants") by and through counsel, and files this Special Report by submitting the following:

### PLAINTIFF'S ALLEGATIONS

1. The Plaintiff, Lester Mark Piland (AIS # 145657) is an inmate in the Easterling Correctional Facility located in Clio, Alabama. Piland alleges that while he was housed in Easterling Correctional Facility, Warden Gwendolyn Mosley, Kathy Holt, and medical officials were deliberately indifferent to his medical needs or were in violation of the Americans with Disabilities Act.

2. The Plaintiff seeks injunctive relief and monetary damages. (See Complaint)

3. As directed, the Defendants have undertaken a review of Piland's claims to determine facts and circumstances relevant thereto. At this time, the Defendants are submitting this

Report, which is supported by the Affidavit of Warden Gwendolyn Mosley (see Exhibit "A"), the Affidavit of Classification Specialist Sandra Hayes (attached hereto as Exhibit "B"), the Affidavit of Corrections Records Director Kathy Holt (attached hereto as Exhibit "C"), and the Affidavit of Jean Darbouze, M.D. (See Exhibit "A" to Special Report of Defendants Prison Health Services, Inc., Jean Darbouze, M.D. and Kay Wilson, RN., HSA).

## DEFENDANTS

1. Warden Gwendolyn Mosley, Easterling Correctional Facility, 200 Wallace Drive, Clio, Alabama, 36107.

2. Kathy Holt, Director Central Records, Alabama Department of Corrections, 301 S. Ripley St., Montgomery, Alabama, 36130.

3. Prison Health Services, (PHS) 105 West Park Dr., Brentwood, Tennessee, 37027

4. Dr. Jean Darbouze, (PHS) 105 West Park Dr., Brentwood, Tennessee, 37027

5. Nurse Kay Wilson, (PHS) 105 West Park Dr., Brentwood, Tennessee, 37027.

6. Sandra Hayes, Easterling Correctional Facility, 200 Wallace Dr. Clio, Alabama, 36107.

## DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendant's plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any relief requested.

5. The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendants are entitled to qualified immunity and avers it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendants cannot be held liable on the basis of *repondeat superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendants, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Education Of Escambia County, 880 F. 2d 305, 309 (11th Cir. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general issue.

13. This court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defense of contributory negligence and assumption of the risk.

17. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

19. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

20. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

21. Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. The Plaintiff's claims are moot.

23. The Plaintiff has been reasonably accommodated in light of the penological interests of the Department of Corrections.

24. Any other accommodations for the Plaintiff would be unreasonable and place undue burden on the prison system.

25. The Plaintiff has not been discriminated against as a result of his purported disability.

26. The Plaintiff is not a qualified individual under the Americans with Disabilities Act.

27. The Defendants have made all of its programs, activities, and services readily accessible to and usable to the Plaintiff.

**ARGUMENT**

**(1983 CLAIMS)**

The Plaintiff (hereinafter referred to as "Piland") sues Defendants Warden Gwendolyn Mosley and Kathy Holt assumingly on a potential § 1983 theory (See Complaint). Piland seems to say that the Defendants have been deliberately indifferent because he has a physical condition and did not get his transfer to another facility. If so, then the language of 42 U.S.C. § 1983 requires proof of a casual connection between the purported actions or omissions of the Defendants and any constitutional deprivation. Jones v. Pruett & Mauldin, 851 F. 2d 1321 (11th Cir. 1988). The requisite casual connection may be shown by the personal participation of these Defendants, a policy or custom established by these Defendants that resulted in a deliberate indifference to the plaintiff's decedent's rights or breach of a duty imposed by state or local law. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986). Inasmuch as this needs to be proven, Piland's complaint fails to specifically allege that these Defendants personally participated in the alleged acts or omissions or how these Defendants had the ability to establish a custom or policy

in regards to the alleged actions or omissions of the others at the facility. Further, the complaint fails to allege a casual connection between the purported custom or policy and alleged damages of Piland.

The complaint does not allege that Defendants had been informed by any competent medical personnel that Piland was receiving the claimed inadequate medical care. There is no allegation that any of these Defendants were aware of anything supporting an allegation that the medical provider who treated the plaintiff's decedent failed to train, supervise or monitor the medical staff that had direct contact with him. The Supreme Court has made it clear that a state official acts with deliberate indifference only when he disregards a risk of harm of which he is actually aware. Farmer v. Brennan, 511 U. S. 825, 836, 114 S. Ct. 1970, 128 L.Ed.2d 811(1994). An Eighth Amendment violation occurs when a substantial risk of serious harm of which a prison official is subjectively aware, exists, and the official does not respond reasonably to the risk. Marsh v. Butler County, Ala. 268 F. 3d 1014 ( 11th Cir. 2001). There is a two part analysis that governs Eighth Amendment challenges to conditions of confinement; first a prisoner must prove that the conditions that he complains of is sufficiently serious to violate Eighth Amendment, and second, under the "subjective component" the prisoner must show that the defendant prison officials acted with sufficiently culpable state of mind with regard to the condition at issue. In sum, Piland fails to properly allege how these Defendants had knowledge of any purported act or omission that caused his alleged claims. To the contrary, Holt affirmatively states that she has no authority over the transfer of inmates (see Exhibit "C"). Further, Mosley suggests that Piland is awaiting a transfer by the Transfer Agency Supervisor. In sum, Piland fails to plead how either Defendant was aware of his purported serious condition and then how each had the sufficient culpable state of mind for deliberate indifference.

Additionally, to the extent that Piland has sued any of the Defendants in their official capacities, they are all employees of the State of Alabama and cannot be held liable in damages in their official capacities, for their own acts or those of their employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has said:

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such suit. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 2d 389 (1985).

To the extent that Piland has sued these Defendants in their official capacities, the suit is against the state. These Defendants are absolutely immune from suit.

The Defendants are entitled to qualified immunity from all claims asserted by Piland in this case. If Piland was able to show in someway that any Defendant was acting in his discretionary authority, the burden then shifts to Piland to show that the Defendant violated clearly established law based upon objective standards. See Eubanks v. Gerwin, 40 F. 3d 1157, 1160 (11th Cir. 1994). Piland must allege that the Defendants violated a right clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F. 2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rec'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989). Clearly, Piland has not done so.

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v.

7

Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987).

Therefore, to defeat summary judgment Piland must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F. 3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that truly compels (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1151 (11th Cir. 1994). There is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Court sitting within the Eleventh Circuit showing under the facts of this case, it was clearly established that these alleged actions violated Piland's constitutional rights.

Lastly, Piland's claims must be dismissed because he failed to exhaust the administrative remedies available to him. A prisoner must exhaust his administrative remedies prior to seeking relief in court. 42 U.S.C. § 1997e (a), as amended by the Prison Legal Reform Act of 1995. This exhaustion requirement is in all circumstances. See Booth v. Churner, 532 U.S. 731, 740-741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Thus, Piland's complaint must be dismissed without prejudice.

### (ADA CLAIMS)

Title II of the American With Disabilities Act of 1990 (ADA), 104 Stat.337, as amended, provides that " no qualified individual with a disability shall, by reason of such disability , be excluded from participation in or be denied the benefits of the services, programs, or activities of

a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.). A "qualified individual with a disability is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids an services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines "public entity to include any State or local government and any department, agency…or other instrumentality of a State" § 12131(1)

The question whether the ADA applied to prisoners was decided in Pennsylvania Dept. of Corrections v.Yeskey, 524 U.S. 206, 118 S. Ct. 185, 141 L. Ed. 2d 215, 8 A. D. Cas. (BNA) 201, 163 A.L.R. Fed. 671 (1998), in which the Supreme Court held that Title II of the ADA, which prohibits a state entity from discriminating against a qualified individual with a disability based on the individual's disability, applied to prisoners in state correctional facilities.

The purpose of the ADA is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (1). To that end, the ADA invokes "the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce,"42 U.S.C. § 12101(b) (4), and generally prohibits discrimination against individuals with disabilities in the areas of employment (Title I); public services, programs, and activities (Title II); and public accommodations (Title III).

But Title II does not require States to employ any and all means to make services accessible to persons with disabilities, and it does not require States to compromise their essential eligibility criteria for public programs. It requires only "reasonable modifications" that

would not fundamentally alter the nature of the service provided, and only when the individual seeking modification is otherwise eligible for the service. As Title II's implementing regulations make clear, the reasonable modification requirement can be satisfied in a number of ways. In the case of facilities built or altered after 1992, the regulations require compliance with specific architectural accessibility standards. 28 CFR § 35.151 (2003). But in the case of older facilities, for which structural change is likely to be more difficult, a public entity may comply with Title II by adopting a variety of less costly measures, including relocating services to alternative, accessible sites and assigning aides to assist persons with disabilities in accessing services. § 35.150(b) (1). Only if these measures are ineffective in achieving accessibility is the public entity required to make reasonable structural changes. *Ibid.* And in no event is the entity required to undertake measures that would impose an undue financial or administrative burden, threaten historic preservation interests, or effect a fundamental alteration in the nature of the service. §§ 35.150(a) (2), (a) (3). Terms like " reasonable" and 'undue" are relative to circumstances, and the circumstances of a prison are different from those of a school, an office, or a factory, as the Supreme Court has emphasized in the parallel setting of a prisoner's constitutional rights. E.g., Turner v. Safley, supra 482 U.S. at 84-91, 107 S. Ct. at 2259-63. "The security concerns that the defendant rightly emphasizes in urging us to exclude prisoners from the protections of the Act are highly relevant to determining the feasibility of the accommodations that disabled prisoners need in order to have access to desired programs and services." Crawford v. Indiana Dept. of Corr. 115 F. 3d 481, 487 (7th Cir. 1997). A public entity, in making alterations to existing buildings shall meet the accessibility requirements of section 35.151. In choosing among the available methods for meeting the requirements of this section, a public entity shall give priority to those methods that offer services, programs, and activities to qualified individuals with

disabilities in the most integrated setting appropriate. In sum, there is an inherent degree of reasonableness and flexibility fixed in the ADA and its regulations, especially for older structures like the Easterling Correctional Facility. In examination of structure and/or "services, programs, and activities," the court should look at all factors involving the facility and the purported beneficiary. The court must view all "in its entirety," and with a degree of reasonableness, attempt to accommodate a qualified individual.

In order to demonstrate a claim under Title II of the American with Disabilities Act of 1990, Piland must demonstrate three things. In Shotz v. Cates, 256 F. 3d 1077, (11th Cir. 2001), the Court stated that a plaintiff in order to file a claim under the ADA " must allege: (1) that he is a 'qualified individual with a disability ; " (2) that he was "excluded from participation in or…denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated[against] by such entity;" (3) "by reason of such disability." 42 U.S.C. § 12132. Id. at 1079.. A "qualified individual" is defined as someone who with or without a reasonable accommodation has the physical and mental capacity to participate in the program or activity in question, 42 U.S.C. Section 12131 (2). [A] public entity must make its services, programs, or activities "readily accessible" to and "usable" to disabled individuals. A public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. See 35.150; 35.150(a) (1) – (3).

Piland must demonstrate that he is otherwise a qualified individual with a disability. These Defendants readily admit that Mr. Piland suffers from myotonic dystrophy and may otherwise be able to establish that he is a qualified individual (see Exhibit "A" to Special Report of Defendants Prison Health Services, Inc., Jean Darbouze, M.D., and Kay Wilson, RN., HSA).

11

However, to establish he is a "qualified individual, Piland must plead or prove that reasonable modifications to structures have not been completed and thus he has been denied receipt of some service. However, Piland has failed to plead and prove either that he was excluded from participating in or denied access to the services, programs, or activities of the Alabama Department of Corrections by either Defendant Mosley or Defendant Holt (see Exhibits "A" and "C"). Piland alleges that only that he has to walk, stand, or maneuver (see Complaint) which he apparently does not like to do. However, Piland has failed to plead or prove how he has been otherwise discriminated against by either Defendant by reason of such disability. Further, the Defendants have established that they have made reasonable accommodations in compliance with the Americans with Disabilities Act (see Exhibit "A").

The Easterling Correctional Facility is an existing facility (see Exhibit "A"). Since its initial construction, the DOC has made toilet and shower facilities readily accessible as required by the Americans with Disabilities Act (Id.) Piland has failed to plead or prove that the toilet and shower facilities are not readily accessible to him or otherwise unusable. He simply says that he has some difficulty or dislike for walking, standing, or maneuvering in a prison setting. If prison conditions are merely restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. Miller v. King, 384 F. 3d 1248 (11th 2004). In sum, Piland must show that the toilet, shower, and other facilities "when viewed in their entirety" are not either readily accessible or usable. Piland has completely failed to do so.

Pursuant to the Court's January 23, 2006, Order, the defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated through their evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation or

violation of the ADA and that the Defendants are therefore, entitled to a judgment in their favor as a matter of law. Piland's submissions clearly fail to meet his required burden.

## CONCLUSION

The Plaintiff's complaint is due to be dismissed on its face, and is, further, disproved by the evidence now before the Court. Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with or without prejudice, or enter a judgment in his favor.

Respectfully submitted,

KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


s/ GREG BIGGS
 GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL 36130
(334) 353-3885

## CERTIFICATE OF SERVICE

I do hereby certify that on the 23rd day of March 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed a copy of the foregoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Lester Mark Piland
AIS # 145657
Easterling Correctional Facility
200 Wallace Dr.
Clio, Alabama 36017

                                              s/ GREG BIGGS
                                              GREG BIGGS (BIG004)
                                              ASSISTANT ATTORNEY GENERAL
                                              ASSISTANT GENERAL COUNSEL