IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 JUN -2  A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Lester Mark Piland,
    Plaintiff,

VS:

Warden G. Mosley, et.al.,
    Defendants,

Action No. 2:06 CV 46-F

## PLAINTIFF'S MOTION IN OPPOSITION TO SUMMARY JUDGMENT

Comes now Plaintiff, Lester Mark Piland, Pro Se and makes this Motion in opposition to Defendant's Motion for Summary Judgment and shows the following in support:

### ISSUES OF MATERIAL FACT

Plaintiff asserts that the living quarters that he is assigned, Dorm 6B, bed 23 is not equiped to accomidate people with a handicap; attached as EXHIBIT A is an Affidavit of Plaintiff that swears to this fact.

The Defendant Warden G. Mosley has outright lied to this Court, as she is well aware that only the A side of each living quarters is equiped to accomidate handicaped persons.

Attached as EXHIBIT B is a sworn statement from other inmates whom are currently living in Dorm 6B stating that this Dorm is not Handicap accessible or equiped.

Plaintiff moves this Court to Come here to EASTERLING CORRECT-IONAL FACLITY and see for her self that the Defendants have outright LIED to this Court.

PAGE 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED



2006 JUN -2 A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA


Lester Mark Piland,
        Plaintiff,


VS:                          Action No.


Warden G. Mosley, et.al.,
        Defendants,




PLAINTIFF'S MOTION IN OPPOSITION TO SUMMARY JUDGMENT


        Comes now Plaintiff, Lester Mark Piland, Pro Se and makes
this Motion in opposition to Defendant's Motion for Summary Judgment
and shows the following in support:

ISSUES OF MATERIAL FACT


    Plaintiff asserts that the living quarters that he is assigned,
Dorm 6B, bed 23 is not equiped to accomidate people with a handicap;
attached as EXHIBIT A is an Affidavit of Plaintiff that swears to
this fact.
    The Defendant Warden G. Mosley has outright lied to this Court,
as she is well aware that only the A side of each living quarters is
equiped to accomidate handicaped persons.

    Attached as EXHIBIT B is a sworn statement from other inmates
whom are currently living in Dorm 6B stating that this Dorm is not
Handicap accessible or equiped.

    Plaintiff moves this Court to Come here to EASTERLING CORRECT-
IONAL FACLITY and see for her self that the Defendants have outright
LIED to this Court.


PAGE 1

Plaintiff asserts that the Defendants have submitted EXHIBITS that clearly show Plaintiff suffers from a serious Medical Condition that leaves him unable to perform the basic necessities of life by him self, EXHIBIT  , Affidavit of Doctor Jean Darbouse, in which the Dr. asserts that he has since June 30 2005 requested to the Alabama Department of Corrections that Plaintiff be moved to an Institution that is equiped to accomidate people with a Handicap such as Plaintiff suffers from.

The Eleventh Circuit in FARROW V. WEST, 320 F3d 1235, (11 th Cir 2003 ) has held that " Prison offical acts with 'deliberate indifference' when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate"

and further " After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbiden by the Eigth Amendment.

Since June 30, 2005 the defendants have acknowledged that Piland suffers from a very serious medical condition that has left him in a physical condition that the rigours of ordinary every day life are a major hurdle for him, walking to eat, going to the bathroom and cleaning him self, things that we take for granted cause him severe PAIN and fatigue.

As late as February 15, 2006 the Medical staff at Easterling Correctional Facility, Nurse K. Wilson wrote a memo to Alabama Department of Corrections Officals, a Captain Knox, requesting that Piland be transfered to "Hamilton" and asking if piland could get help from another inmate to assist him with dressing and eating.

The defendants all seem to say in their answer to this Court that yes we know Piland has a serious Medical Condition and is in constant Pain and suffers daily from having to live in a Facility that is not equiped for someone with Piland type of physical conditions, but we did our part, we wrote request to each other and filled out the proper form to get him some relief, and the Illusive TRANSFER ANGECY SUPERVISOR, has failed to act....

Piland has attempted to Amend his Complaint to add this Illusive TRANSFER AGENCY SUPERVISOR to this action and the Magistrate JUdge denied this request.

The defendants admitt that they know of Piland daily pain and suffering, the Health Professionals say they have prescribed aspirin,and requested a Transfer, the Alabama Department of Corrections officals ; Warden Mosley, Mrs. Hayes, and Kathy holt admit that they have had knowledge that piland was daily in pain and suffering but they have done nothing wrong, the fact is they have DONE NOTHING.

The very essence of a ' Deliberate Indifference ' claim is that the defendants know of a serious Medical need and fails or refuses to obtain the recomended medical treatment.

The Medical Staff at Easterling Correctional Facility almost weekly has recieved a written request from Piland seeking some help, to relieve the daily pain and suffering that he is subjected to by having to walk 300 yds to eat. The Medical staff blames the Department of Corrections the Department of Corrections blame the illusive Transfer Agency Supervisor for the failure to get Piland to a facility that they admit is better suited to accomoidate persons with Pilands type of physical conditions.

The defendant Warden Mosley in defendants EXHIBIT A, attempts to assert that a Mrs Greene informed her that if there is no specific date on the transfer request Piland can be transfered with other inmates, are these defendants trying to make this Court believe that NO INMATES HAVE BEEN TRANSFERED since June 30 2005.

The attached EXHIBITS AA, BB, and CC, are copies of portions of Pilands Medical file that are already submited to this Court by the Defendants which show that the Medical staff at Easterling Correctional Facility knew that Piland was complaing of and suffering from pain and muscle cramps from walking to eat and to get the aspirin prescribed to him for Pain.

The Alabama Department of Corrections has certainly been put on NOTICE of Pilands PAIN and SUFFERING since the filing of the instant Complaint, yet have continued to demonstrate a calious and indifferent attitude toward Pilands plight.

The attached EXHIBITS DD, EE, and FF, are copies of portions of Pilands Mental Health file at Easterling Correctional Facility in which even the Mental Health Professionals recommend a Transfer of Piland to another institution.

Piland asserts that the Actions of or rather the Inaction of the Defendants clearly demonstrate the WANTON infliction of Pain and suffering forbiden by the Eigth Amendment to the United States Constitution.

The Eleventh Circuit in <u>FARROW</u> <u>V.</u> <u>WEST</u>, 320 F3d 1235 (11th Cir 2003) has held "Prison offical acts with 'deliberate indifference' when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate".

The defendants inthis cause, Medical staff as well as Department of Corrections personel have failed or refused to give Piland the main part of the reccommended Medical Treatment, i.e. a transfer to a facility that can accomondate persons with a physical disability such as Pilands.

AS evidenced by the sworn statement of inmates whom all live in Dorm 6B at Easterling Correctional Facility, Clio, Al 36017, Dorm 6B is NOT HANDICAPED EQUIPED, and any statement by the defendants that it is is a OUT RIGHT LIE to this Court.

Defendant Gwendlyn Mosley has denied Piland a Transfer to a Proper facility and then Lies to this Court about his present living conditions.

Piland asks this Court to come VISIT Easterling Correctional Facility and see for herself the living arragements that Piland strugles with daily.

IN CONCLUSION:

Piland asserts that this Court must deny summary judgment for the defendants and set this matter for trial.

Done on this 25th day of May 2006

Lester Mark Piland
200 Wallace dr.
Clio, Al 36017

LIST OF ATTACHED EXHIBITS

Affidavit of Plaintiff Piland                          EXHIBIT A
Sworn Statement of Inmates living in Dorm 6B           Exhibit B
Nurse K. Wilson's Progress Notes of 02/15/06           Exhibit AA
Prison Health Services Sick Call Slip of 06/25/05      Exhibit BB
Physicans Orders of 06/18/05                           Exhibit CC
Progress Notes Mental Health                           Exhibit DD
Psychotropic Medication Report                         Exhibit EE
Mental Health progess notes                            Exhibit FF


CERTIFICATE OF SERVICE

I hereby certify that I have served acopy of the above on the Alabama Department of Corrections , Legal Division, P.O. Box 301501, Montgomery Alabama 36130 by placing same in the U.S. mail Postage Prepaid.


Doane on this 25th day of May 2006

X _Lester Mark Piland_
200 WAllace dr.
Clio, Al 36017